# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MICHAEL KELLY,

    Petitioner,

vs.

JOHN FAYRAM,

    Respondent.

No. C10-0142-LRR

ORDER

## *I. INTRODUCTION*

This matter is before the court on the petitioner's application for a writ of habeas corpus, motion to proceed in forma pauperis, motion for appointment of counsel and motion to stay action. The clerk's office file the petitioner's application for a writ of habeas corpus and his motions on November 12, 2010. The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914(a) (requiring $5.00).

## *II. MOTION TO PROCEED IN FORMA PAUPERIS*

The petitioner submitted a motion that meets the requirements of 28 U.S.C. § 1915(a). Accordingly, in forma pauperis status shall be granted. Further, because he already paid the filing fee, the clerk's office shall file the petitioner's application for a writ of habeas corpus.

## *III. DISCUSSION*

### *A. Initial Review Standard*

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without

ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, the petitioner shall either dismiss the entire action or dismiss his unexhausted claims.

## B. Exhaustion

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1).[1] A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991); *see also* 28 U.S.C. § 2254(c).[2] In Iowa, exhaustion requires a petitioner to seek

---

[1] Title 28, United States Code, section 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

[2] Title 28, United States Code, section 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available

(continued...)

discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appellate argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (concluding that the exhaustion doctrine requires a petitioner to seek discretionary review when that review is part of the ordinary appellate review procedure) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (reiterating that a petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim"); *Welch v. Lund*, 616 F.3d 756, 758-59 (8th Cir. 2010) (concluding that "an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts").

The fair presentment component of the exhaustion requirement compels a petitioner to affirmatively:

> refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

*Ashker*, 5 F.3d at 1179 (quotations and citations omitted); *accord Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus application have been properly raised in the prisoner's state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (full and fair presentation of claims to the state court requires "full factual

---

(...continued)
    procedure, the question presented.
28 U.S.C. § 2254(c).

3

development" of the claims in that forum); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

"The purpose of the fair presentation component of the exhaustion requirement is to give state courts the first opportunity to review federal constitutional issues and to correct federal errors made by the state's trial courts." *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (same). A "petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

The failure to exhaust a claim in state court sometimes implicates the independent and adequate state ground doctrine. *See Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Coleman*, 501 U.S. at 732. Specifically, the Supreme Court explained:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies available at the time of the federal [application for a writ of habeas corpus]," *Engle v. Isaac*, 456 U.S. 107, 126, n.28, [102 S. Ct. 1558, 71 L. Ed. 2d 783] (1982), it is satisfied "if it is clear that [the petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples*, 489 U.S. 346, 351, [109 S. Ct. 1056, 103 L. Ed. 2d 380] (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence[ and, thus,] prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default. *Teague v. Lane*, [489 U.S. 288, 298, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)]; *Isaac*, [456

> U.S.] at 126, n.28, 129; *Wainwright v. Sykes*, 433 U.S. 72, 90-91, [97 S. Ct. 2497, 53 L. Ed. 2d 594] (1977).

*Gray*, 518 U.S. at 161-62. Apart from showing good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation, a petitioner may have a procedurally defaulted claim reviewed if he or she can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

Here, the petitioner is attempting to challenge his conviction for third degree sexual abuse, in violation of Iowa Code section 709.4 and Iowa Code section 901A.2(3). *See State v. Kelly*, 2006 Iowa App. LEXIS 1333 (Iowa Ct. App. 2006); *State v. Kelly*, No. FECR129311 (Black Hawk County Dist. Ct. 2005); *see also Kelly v. State*, 2010 Iowa App. LEXIS 898 (Iowa Ct. App. 2010); *Kelly v. State*, No. PCCV103580 (Black Hawk County Dist. Ct. 2009).[3] The petitioner, however, makes clear in his application for a writ of habeas corpus that he only exhausted the claim that he raised on direct appeal. Moreover, the record reveals that, on direct appeal, the petitioner claimed the evidence in support of the jury's verdict was insufficient. *See State v. Kelly*, 2006 Iowa App. LEXIS 1333 (Iowa Ct. App. 2007); *State v. Kelly*, No. FECR129311 (Black Hawk County Dist. Ct. 2005). In addition, the record indicates that, on December 5, 2006, the petitioner filed an application for further review of his sufficiency of the evidence claim and, on January 11, 2007, the Iowa Supreme Court denied his application for further review. *See State v. Kelly*, No. 05-2078 (Iowa 2007). With respect to his application for post-conviction relief,

---

[3] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

the record establishes that the petitioner raised numerous claims, but he did not submit a timely application for further review after the Iowa Court of Appeals affirmed the Iowa District Court for Black Hawk County on August 25, 2010. *See Kelly v. State*, No. 09-1261 (Iowa 2010); *Kelly v. State*, 2010 Iowa App. LEXIS 898 (Iowa Ct. App. 2010). Before denying the petitioner's motion for permission to file an application for further review, the Iowa Supreme Court stated that the application for further review deadline is jurisdictional and cannot be extended, procedendo already issued and jurisdiction over the case no longer existed. *See Kelly v. State*, No. 09-1261 (Iowa 2010). As an explanation for why he did not further present his claims, the petitioner states that post-conviction relief counsel provided ineffective assistance. Given the petitioner's statements and the record, the court finds that the petitioner failed to adequately present thirty-four out of his thirty-five claims to the state courts as he is required to do if he seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Carmichael v. White*, 163 F.3d 1044, 1045-46 (8th Cir. 1998).

In light of the court's conclusion that the petitioner failed to properly exhaust his remedies, it is necessary to consider whether Iowa law prevents the petitioner from raising his unexhausted claims in state court. *See Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003).

> Iowa law requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications. Iowa Code § 822.8 (1994). "Any ground . . . not raised . . . may not be the basis for a subsequent application" unless the court finds "sufficient reason" to justify omission. *Id*.

*Id*. In addition, a three-year statute of limitation applies to individuals who seek to file an application for post-conviction relief. *Id*. at 1022 n.3 (citing Iowa Code § 822.3 (1994)).

The court concludes that Iowa law prevents the petitioner from asserting his thirty-four unexhausted claims. *See, e.g., Wyldes v. Hundley*, 69 F.3d 247, 252-53 (8th Cir. 1995).[4] Despite concluding that all but one of the petitioner's claims are procedurally barred by Iowa law, the court finds that it is appropriate to afford the petitioner some relief, that is, the petitioner may elect to either voluntarily dismiss without prejudice the instant action and pursue the remedies that he believes are available in state court or voluntarily dismiss his unexhausted claims and pursue relief on his remaining claim.[5]

### IV. MOTION FOR APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in civil actions, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court finds that, at this time, the assistance of counsel is not warranted because the petitioner's only

---

[4] To the extent that the petitioner desires a review of his procedurally defaulted claims, the court notes that the petitioner either did not demonstrate good cause for his failure to present his claims in state court and actual prejudice as a result of alleged constitutional violations or did not demonstrate that failure to review any of his claims would result in a fundamental miscarriage of justice. The failure to diligently assert his claims in his original application for post-conviction relief and pursue further relief falls solely on the petitioner. The petitioner is not entitled to call into question appointed counsel's decision to forego filing multiple claims or an application for further review. *See, e.g.,* 28 U.S.C. § 2254(I) (stating that the ineffectiveness or incompetence of counsel during collateral post-conviction proceedings does not provide a ground for relief).

[5] When deciding whether to dismiss either the instant action or the unexhausted claim, the petitioner should keep in mind the applicable statute of limitation. *See* 28 U.S.C. § 2244(d).

7

exhausted claim, that is, his sufficiency of the evidence claim, is not complex. Accordingly, the petitioner's motion for appointment of counsel shall be denied.

## V. MOTION TO STAY ACTION

In his motion to stay action, the petitioner makes clear that he is still trying to obtain some relief in his post-conviction relief action and that he wants the court to refrain from ruling until he resolves certain issues. He also makes clear that he did not want the applicable statute of limitation to run before he filed his habeas action. Given its prior determination with respect to whether the petitioner properly exhausted his claims, the court does not believe a stay is warranted. The Iowa Supreme Court concluded that the petitioner's post-conviction relief action was final, and it is highly unlikely that any of his unexhausted claims will be reviewed by the Iowa Supreme Court. Therefore, the petitioner's motion to stay action shall be denied.

**IT IS THEREFORE ORDERED:**

1. The petitioner's motion to proceed in forma pauperis (docket no. 1) is granted.
2. The clerk's office is directed to file the petitioner's application for a writ of habeas corpus.
3. By no later than January 7, 2011, the petitioner is directed to file a statement that details whether he desires to: (1) voluntarily dismiss without prejudice the instant action and pursue the remedies that he believes are available in state court or (2) voluntarily dismiss his unexhausted claims and pursue relief on his remaining claim.
4. In the event that the petitioner elects to pursue the former option, the clerk's office is directed to dismiss without prejudice the petitioner's action under 28 U.S.C. § 2254.
5. In the event that the petitioner elects to pursue the latter option, the court will take appropriate action in a subsequent order.
6. The petitioner's motion for appointment of counsel (docket no. 3) is denied.

7. The petitioner's motion to stay action (docket no. 2) is denied.

   **DATED** this 9th day of December, 2010.

   _____
   LINDA R. READE
   CHIEF JUDGE, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF IOWA